**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAREN MARTOYAN; et al.,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-70227

Agency Nos.  A077-849-717
A077-849-718
A077-849-719
A077-849-720

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2010
Pasadena, California

Before: NOONAN, BERZON, and CALLAHAN, Circuit Judges.

Karen Martoyan ("Martoyan") and his family, natives and citizens of

Armenia, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from the Immigration Judge's ("IJ") decision denying their

application for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. §

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1252. We evaluate the IJ's adverse credibility determinations for substantial evidence, *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010), and have jurisdiction to review the agency's determination that Martoyan failed to establish extraordinary circumstances excusing the untimely filing of his asylum application. *See Tamang v. Holder*, 598 F.3d 1083, 1088-89 (9th Cir. 2010).

The transcript of Martoyan's hearing is replete with both translation and transcription problems. Inadequate translation made it difficult for Martoyan to answer questions and clarify perceived inconsistencies. And transcription problems make us question whether the record fairly represents the proceedings before the agency. "It is long-settled that a competent translation is fundamental to a full and fair hearing." *Perez-Lastor v. INS*, 208 F.3d 773, 778 (9th Cir. 2000). Deportation proceedings violate due process if the alien demonstrates that a better translation would have made a difference in the outcome of the hearing. *Acewicz v. INS*, 984 F.2d 1056, 1063 (9th Cir. 1993). Martoyan failed to exhaust his translation-related due process claim before the BIA and he has failed to make any claim based on inadequate transcription. *See Abebe v. Mukasey*, 554 F.3d 1203, 1207-08 (9th Cir. 2009) (en banc), *cert. denied*, 130 S. Ct. 3272 (2010). However, "[e]ven where there is no due process violation, faulty or unreliable translations can undermine the evidence on which an adverse credibility determination is

2

based." *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003).  Whether due to poor translation or poor transcription, we are unable to meaningfully review the transcript of the evidentiary hearing and cannot determine whether the IJ's adverse credibility determinations are supported by substantial evidence.

Accordingly, we grant the petition and remand to the agency to reassess Martoyan's credibility in the first instance after a new hearing and determine his eligibility for asylum, withholding of removal, and CAT protection.  *See Hartooni v. INS*, 21 F.3d 336, 343 (9th Cir. 1994); *Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir. 1998).

**PETITION GRANTED; REMANDED.**